John J. Reilly, J.
Following his indictment for criminal possession of a controlled substance in the first degree, as an incident to his arrest as an illegal alien without a warrant by a New York City policeman, the defendant Alberto Alvarez moved this court to suppress two glassine packets of cocaine obtained from a pocket of a coat hanging in the closet of defendant’s hotel room. The issues raised on the motion are three-fold: (1) whether the arrest without a warrant was lawful; (2) whether the visit by the police immediately after defendant’s arrest to his room was a violation of his constitutional rights under the Fourth Amendment of the United States Constitution; and (3) whether the seizure of the contraband cocaine found in the coat pocket was the result of an unreasonable search arid seizure.
FINDINGS OF FACT
The evidence adduced at the hearing established that on a day a week prior to April 8, 1975, New York City Detective Powers and Sergeant McQueen were investigating the homicides of certain individuals. Due to the fact that the defendant’s hotel room telephone number was found among the possessions of the homicide victims, the New York City police went to the defendant’s room at the Hotel Wilson where they questioned him. The defendant denied any knowledge of the homicide victims or any recognition of certain photographs which the police showed to him.
During the questioning, the defendant volunteered to the police that he was an illegal alien. After searching the defendant’s room, the police left.
On April 8, 1975, approximately one week after the questioning of the defendant, New York City Detectives Powers and Grant returned and arrested the defendant as an illegal alien in the lobby of the Hotel Wilson. Immediately thereafter, the defendant, the two detectives and a hotel clerk went to the defendant’s room. After entering the room, Detective Powers discovered two packets of cocaine in the pocket of a coat hanging in a closet. The defendant was arrested a second time for criminal possession of a controlled substance.
Except for these undisputed facts, everything else alleged to have occurred is a matter of contradictory testimony between the police and other witnesses who testified.
On the one hand, Detective Powers testified that when he *899 arrested the defendant in the lobby of the Hotel Wilson, the defendant requested that he be allowed to telephone his room in order to request a woman who was there to leave. After the defendant was denied that right, he then requested that he be taken to his room in order to request the woman to leave.
On the other hand, the detective’s testimony as to what happened in the hotel lobby was significantly contradicted by an apparently unbiased observer, the hotel manager, who overheard the police hail the defendant and converse with him. The hotel manager heard the detectives state that they wanted the defendant to go to his room with them and heard the defendant say that he was unwilling to do so because he did not wish to embarrass a woman who was there.
Again, Detective Powers’ testimony that on entering the hotel room he inadvertently saw the contraband glassine packets protruding from a coat pocket hanging in open view in a clothes closet was contradicted by the defendant’s testimony that the closet door was closed and that the detective opened it and searched it.
CONCLUSIONS OF LAW
On the initial issue, without reaching the question of whether a New York City police officer may under any circumstances make a warrantless arrest of an illegal alien, the court finds under the facts of the instant case, he may not. Section 1103 of title 8 of the United States Code confers exclusive and plenary authority upon the Attorney General of the United States to administer and enforce the immigration and naturalization laws of the United States.
More significantly, section 1357 of title 8 of the United States Code controls the circumstances under which an illegal alien may be arrested without a warrant.
"§ 1357. Powers of immigration officers and employees.
"(a) Powers without warrant. Any officer or employee of the Service authorized under regulations prescribed by the Attorney General shall have power without warrant—
"(1) to interrogate any alien or person believed to be an alien as to his right to be or to remain in the United States;
"(2) to arrést any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, or expulsion of aliens, or to arrest *900 any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right, to enter or remain in the United States;” (emphasis supplied).
Under the above Federal statute, in the absence of any likelihood of the illegal alien to escape before a warrant could be obtained by Officer Powers for his arrest, the arrest was unlawful. The undisputed fact established that Detective Powers waited a week to arrest the defendant Alvarez after learning that he was an illegal alien. This fact compels the conclusion that at the time Detective Powers learned the defendant was an illegal alien he did not foresee any likelihood that the defendant would escape before a warrant could be obtained for his arrest. During the ensuing week before he. arrested him, there was ample opportunity to obtain an arrest warrant. His failure to obtain an arrest warrant within the purview of section 1357 of title 8 of the United States Code rendered the unduly delayed arrest unlawful. (Chambers v Maroney, 399 US 42.)
The court has examined the facts to determine if the arrest without a warrant was authorized under New York State law.
A citizen’s arrest without a warrant is authorized pursuant to CPL 140.30 (subd 1) where the arrestee has in fact committed a felony, and/or when an offense is committed in the presence of the arrestor.
A police officer’s arrest without a warrant is authorized by CPL 140.10 (subd 1, pars [a], [b]) where the arrestor has reasonable cause to believe a person has committed an offense in his presence, and/or has committed a crime whether in his presence or otherwise.
In the absence of knowledge of any facts which detail the specific circumstances by which the defendant, Alvarez, became an illegal alien, it is impossible to find that a felony or even an offense was the basis of the arrest within the purview of the referenced New York statutes (Pugach v Klein, 193 F Supp 630).
Status as an illegal alien does not per se constitute an offense or a crime for which a sentence to a term of imprisonment or a fine is provided as defined in subdivision 1 of section *901 10 of the New York Penal Law. (United, States v Hou Wan Lee, 264 F Supp 804; United States v Rosse, 418 F2d 38, cert den 397 US 998.)
Thus, the court finds the defendant’s arrest without a warrant unlawful both under the Federal (Chimel v California, 395 US 752) and State law (Pugach v Klein, 193 F Supp 630, supra; CPL 140.10, 140.30).
Since there is an absence of probable cause to support a citizen’s arrest without a warrant by Detective Powers, any evidence which he seized in his capacity as a New York City policeman as an incident to the citizen’s arrest would likewise be unlawful (Hardinge v State, 500 SW2d 870 [Tex]).
The court now addresses itself to the remaining facts and issues under which the police visited the defendant’s room and seized the contraband packets of cocaine. In this regard, the court finds that the testimony of the hotel manager was credible and probative of the fact that the police forced the defendant to accompany them to his hotel room.
Accordingly, the court finds that the police’s visit to the defendant’s room constituted an unlawful entry and that the police’s seizure of the contraband was the product of the exploitation of both the unlawful arrest and the illegal entry so as to constitute an unreasonable search and seizure. (Brown v Illinois, 422 US 590.)
For all the above reasons and based upon the totality of the evidence, the court grants the motion to suppress the contraband in all respects.